UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NAMON EMBLER and JAMES EMBLER,

        Plaintiffs,

vs.                            Case No.   2:05-cv-256-FtM-33SPC

WALKER ELECTRICAL SYSTEMS OF FLORIDA, INC.; JAMES WALKER,

        Defendants.
_____

**ORDER**

    This matter comes before the Court on Defendants' Motion to Strike (Doc. # 22), filed on April 13, 2006.  Defendants request that the Court strike Plaintiffs' Verified Response to Defendants' Motion for Contempt, to Compel, and for Sanctions (Doc. # 21).  As grounds for the motion, Defendants claim that Plaintiffs' response "consists primarily of misrepresentations to the Court regarding discussions between counsel and the mediator at the mediation conference and disparaging personal remarks towards opposing counsel."  (Doc. # 22, p. 2.)  Defendants argue that Plaintiffs' counsel has disclosed to the Court the discussions between counsel and the mediator at the mediation conference in order to prejudice Defendants and disparage their counsel.

    Federal Rule of Civil Procedure 12(f) provides that the Court can order that "any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading.  However, "[a] motion to strike will 'usually be denied unless the allegations

have no possible relation to the controversy and may cause prejudice to one of the parties.'" Scelta v. Delicatessen Support Servs., Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1999)(quoting Seibel v. Soc'y Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)); see Augustus v. Bd. of Pub. Instruction, 306 F.2d 862 (5th Cir. 1962)(motions to strike are disfavored and rarely granted). Even if "the offending matter literally is within one or more of the categories set forth in Rule 12(f)," the motion to strike should be denied "when the court believes that no prejudice could result from the challenged allegations." Wright & Miller, Federal Practice & Procedure: Civil § 1382 at 443-44 (2004); See also Rawson v. Sears Roebuck & Co., 585 F. Supp. 1393, 1397 (D. Co. 1984)(holding that "defendant must demonstrate that it will be unduly prejudiced if the[] allegations are not stricken.").

The Court in not convinced that Defendant is unduly prejudiced if this material is not stricken. Defendants seek to strike a document that was filed in response to its Motion for Contempt, to Compel, and for Sanctions (Doc. # 19). Plaintiff's Response simply provides Plaintiff's version of the events that transpired at the mediation hearing. Because it is not convinced that Defendants will be prejudiced if this material is not stricken, the Motion to Strike is due to be denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Strike (Doc. # 22) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this <u>18th</u> day of May, 2006.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

-3-