**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

NAMON EMBLER, CHRIS PASCHAL, and
JAMES EMBLER, on behalf of themselves
and others similarly situated,

    Plaintiffs,

v.                                               Case No. 2:05-cv-256-FtM-34SPC

WALKER ELECTRICAL SYSTEMS OF
FLORIDA, INC. f/k/a WALKER
ELECTRICAL SYSTEMS, LTD., a Florida
Corporation, and JAMES WALKER,
individually,

    Defendants.
_____/

**O R D E R**[1]

**THIS CAUSE** is before the Court on Defendants' Motion for Attorney's Fees and Costs and Incorporated Memorandum of Law (Doc. No. 73; Motion), filed on May 18, 2007. In support of the Motion, Defendants submitted the following: (1) Affidavit of Roger G. McMorrow, Counsel for Defendants (Doc. No. 73-1; McMorrow Aff.); (2) Affidavit of Richard B. Celler, Counsel for Plaintiffs (Doc. No. 73-2; Celler Aff.);[2] (3) Proposed Bill of Costs (Doc. No. 74; Proposed Bill of Costs); and (4) Bill of Costs Taxed Against Plaintiffs (Doc. No. 75; Taxed Bill of Costs). On June 6, 2007, Plaintiffs filed Plaintiff's [sic] Response Memorandum

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

[2] According to Defendants, the Affidavit of Richard B. Celler, Plaintiffs' counsel, was submitted in support of their general assertion that "[i]n cases similar to the instant action, Plaintiffs' counsel charges between $250 to $300 per hour." Motion ¶10. The Court notes that the fees requested in the Celler Affidavit do not pertain to the instant case, as the Affidavit appears to have been submitted by Mr. Celler in an unrelated case, Feniger v. Café Aroma, Case No. 2:05-cv-00319-FtM-TAW-SPC.

in Opposition to Defendant's [sic] Motion for Attorney [sic] Fees and Costs (Doc. No. 76; Response). As the parties have briefed their respective positions, the matter is now ripe for the Court's review.

## I. Background

Plaintiffs filed the Complaint in this action on May 31, 2005, alleging violations of the minimum wage provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, et seq. and section 448, Florida Statutes, against Defendants Walker Electrical Systems of Florida, Inc. and James Walker.[3] See Complaint (Doc. No. 1; Complaint) at 1. Based on these allegations, Plaintiffs sought unpaid wages, liquidated damages, prejudgment interest, attorney's fees, and costs. See id. 3-4. This case was tried before a jury on April 26-27, 2007, and on April 27, 2007, the jury returned a verdict in favor of Defendants as to both claims. See Special Verdict Form (Doc. No. 70). On May 4, 2007, the Court entered a Judgment, which provided that "Plaintiffs, Namon Embler and James Embler, take nothing, that the action be dismissed on the merits, and that the defendants, Walker Electrical Systems of Florida, Inc., and James Walker, recover of the Plaintiffs, Namon Embler and James Embler, their costs of action." See Judgment in a Civil Case (Doc. No. 72).

## II. Discussion

Defendants filed the instant Motion, alleging that they are entitled to attorney's fees in the amount of $17,677.50 and costs in the amount of $1,681.30, as the prevailing party in this action pursuant to Florida Statutes section 448.08. See Motion ¶¶7-8. Defendants

---

[3] On April 25, 2006, the Court entered an Order dismissing this action without prejudice as to Plaintiff Chris Paschal. See Order (Doc. No. 27).

represent that the total amount of fees requested were accrued as follows: 115.40 hours for attorney Roger McMorrow's services at a rate of $175.00 per hour; 0.30 hours for attorney William Dillon's services at a rate of $175.00 per hour; 9.30 hours for paralegal services at a rate of $50.00 per hour; and 1.50 hours for law clerk services at a rate of $75.00 per hour. See McMorrow Aff. ¶4.  As the sole basis for their request for attorney's fees, Defendants submit that Plaintiffs "unreasonably and vexatiously multiplied the proceedings." See Motion ¶4.  In response, Plaintiffs do not dispute the accuracy of the time records submitted by Defendants, nor do they raise any factual disputes with regard to the requested attorney fees.  See generally Response.  However, Plaintiffs deny that they unreasonably and vexatiously prolonged the resolution of this matter, and argue that they were, in fact, "eager to resolve the Plaintiff's [sic] claims without unnecessary litigation and expenditure of the Court's time."[4]  See id. at 2.

Attorney's fees may not be awarded absent a contractual or statutory basis for the award.  See Dade County v. Pena, 664 So. 2d 959, 960 (Fla. 1995) (holding that attorney's fees may not be awarded absent a statutory or contractual provision underlying the award). Pursuant to Florida Statutes section 448.08, "[t]he court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee."  Fla. Stat. §448.08.  Because Florida Statutes section 448.08 provides that the Court "may" award attorney's fees, such an award is discretionary, not mandatory.  See In re Murray Industries,

---

[4] Plaintiffs further purport to "reincorporate and readopt their Response to Defendant's Motion for Sanctions, filed on March 30, 2006," which, according to Plaintiffs, "explains, in detail, the misrepresentations made by Defendant[s] throughout the course of litigation in this matter."  See Response at 1; see also Plaintiff's [sic] Verified Response to Defendant's Motion for Contempt, to Compel, and for Sanctions (Doc. No. 21; Plaintiffs' Opposition to Motion for Sanctions).

Inc., 130 B.R. 113, 115 (M.D. Fla. 1991); see also Davis v. Nat'l Med. Enters., 253 F.3d 1314, 1321 (11th Cir. 2001) (noting that Florida Statutes section 448.08 "provides a trial court with the discretion to award attorneys' fees to the prevailing party in an action for unpaid wages").  Indeed, Florida Statutes "section 448.08 vests with the trial court the ultimate discretion as to whether attorney's fees should be awarded."  Woods v. United Indus., Corp., 596 So. 2d 801, 802 (Fla. 1st DCA 1992).

In the matter at hand, it is undisputed that Plaintiffs filed suit under Florida Statutes section 448.08, seeking unpaid wages and that Defendants are the prevailing party in this action. In addition, the Clerk of the Court has already taxed the requested costs. Thus, the sole issue before the Court is whether the Court should exercise its discretion to award attorney's fees to Defendants pursuant to Florida Statutes section 448.08.

As a preliminary matter, the Court notes that, by its terms, Florida Statutes section 448.08 does not limit the award of attorney's fees to cases where the non-prevailing party unreasonably and vexatiously multiplied the proceeding, nor does the statute purport to require "bad faith" to support such an award. See Fla. Stat. §448.08. Instead, the statute gives courts discretion to award attorney's fees to a prevailing party in an action for unpaid wages based on the facts and circumstances of a particular case. Murray Industries, 130 B.R. at 115. Thus, the Court examines Defendants' allegations in light of the overall

discretion afforded the Court by Florida Statutes section 448.08, and does not limit its consideration to the issue of whether Plaintiffs litigated their claims in bad faith.[5]

The Court's review of Defendants' Motion discloses that Defendants' request for attorney's fees is based on an assertion that Plaintiffs and Plaintiffs' counsel "unreasonably and vexatiously" prolonged the proceeding by:

    a. demanding exorbitant amounts to settle the lawsuit;
    b. failing to timely produce initial disclosures;
    c. failing to produce basic documents and information in discovery;
    d. failing to comply with the Court's Case Management and Scheduling Order;
    e. failing to appear for deposition;
    f. failing to appear for mediation;
    g. producing exhibits for the first time after meeting to prepare the joint pretrial statement;
    h. filing altered witness and exhibit lists and jury instructions; and other things.

See Motion ¶4. Defendants maintain that they advised counsel for Plaintiffs at the outset of the litigation that Plaintiffs were employed by Walker Electrical Systems, Ltd., and not by Defendants as alleged in the Complaint. See id. In addition, Defendants assert that Plaintiffs' counsel's initial demand to settle the lawsuit was unreasonable and that, as the parties continued to litigate this case, Plaintiffs' counsel increased the proposed settlement demands, affording Defendants no reasonable opportunity to reach a settlement. See id.

Upon review of the record, the Court notes that Defendants' Motion for Contempt, to Compel, and for Sanctions (Doc. No. 19; Motion for Sanctions), filed on March 30, 2006,

---

[5] The Court notes that "courts have the 'inherent power' to assess attorney's fees where a losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1437 (11th Cir. 1998) (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975)). However, Defendants have cited Florida Statutes section 448.08 as the statutory support for their request for fees, and thus, are not required to establish "bad faith" by the non-prevailing party.

raised many of the same arguments advanced by Defendants in support of their request for attorney's fees.  Indeed, in the Motion for Sanctions, Defendants argued that sanctions were warranted because: (1) Plaintiffs failed to appear in-person at the mediation scheduled for March 29, 2006, in accordance with the Case Management and Scheduling Order (Doc. No. 16; Case Management Order), see Motion for Sanctions at 2; (2) Plaintiffs refused to meet in person to review the Case Management Order, see id.; (3) Plaintiffs failed to timely submit initial disclosures, see id.; (4) Plaintiffs refused to voluntarily dismiss Plaintiff Chris Paschal from this case, see id.; (5) Plaintiffs "unilaterally notic[ed] Defendant[s] for deposition," see id.; and (6) Plaintiffs failed to appear for a scheduled deposition, see id.  On April 28, 2006, the Honorable Sheri Polster Chappell, United States Magistrate Judge, denied the Motion for Sanctions.  See Order (Doc. No. 28).  Although Defendants appear to dispute the Magistrate Judge's findings as to the issues raised in the Motion for Sanctions, they did not appeal that Order,[6] nor have they provided any additional information in support of their contention that Plaintiffs' conduct merits an award of fees.

Similarly, the Court determines that Defendants have provided no factual support for their conclusory complaints about Plaintiffs' alleged misconduct during the pretrial proceedings and at trial (e.g. producing exhibits for the first time after meeting to prepare the joint pretrial statement and filing altered witness and exhibit lists and jury instructions).  The Court is not inclined to exercise its discretion to award attorney's fees on the basis of unsubstantiated allegations which are the subject of great disagreement between the

---

[6]  See 28 U.S.C. §636(e)(7).

parties.[7] Additionally, to the extent Defendants believe that they are entitled to an award of attorney's fees based on the evidence presented at trial, Defendants have failed to direct the Court to circumstances supporting such a finding.  Indeed, the Court notes that Defendants did not move for judgment as a matter of law at the close of Plaintiffs' evidence or at the conclusion of the trial.

While Florida Statutes section 448.08 vests the Court with the discretion to award attorney's fees to a prevailing party, such an award certainly is not mandatory.  Here, Defendants failed to provide the Court with any basis to exercise its discretion to make such an award.  In light of the foregoing, the Court declines to exercise its discretion to award Defendants attorney's fees pursuant to Florida Statutes section 448.08.[8]  In light of the foregoing, it is hereby **ORDERED**:

Defendants' Motion for Attorney's Fees and Costs and Incorporated Memorandum of Law (Doc. No. 73) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   3rd   day of June, 2008.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc5
Copies to:
Counsel of Record

---

[7] As the parties are aware, the undersigned did not preside over the trial of this action.

[8] The Court's determination not to exercise its discretion to award fees to Defendants pursuant to Florida Statutes section 448.08 is limited solely to the facts and circumstances of this case, and will not serve as precedent in any future lawsuits.